## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.

HERIBERTO VALDESPINO

     Plaintiff,

v.

GEMINI L.T.A. CORP. d/b/a
LA BODEGA BESTWAY, and
LAZARO A ACOSTA,

     Defendants.

_____/

## COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME AND MINIMUM WAGE VIOLATIONS

COMES NOW, the Plaintiff, HERIBERTO VALDESPINO (hereinafter "Plaintiff" and/or "VALDESPINO"), by and through his undersigned counsel, and files this Complaint against Defendants, GEMINI L.T.A. CORP. d/b/a LA BODEGA BESTWAY (hereinafter "Defendant" and/or "LA BODEGA"), and LAZARO A ACOSTA (hereinafter "Defendant" and/or "ACOSTA"), individually, for violations of the Fair Labor Standards Act ("FLSA") and, in support thereof, states as follows:

1.     This is an action brought by Plaintiff under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

2.     VALDESPINO is over the age of 18 and resides in Miami-Dade County, Florida.

3.      Plaintiff is or was a covered, non-exempt employee under the federal wage and hour laws, and is entitled to overtime pay and minimum wages consistent with the requirements of these laws.

4.      Defendant, LA BODEGA, at all relevant times, was a Florida corporation with its principal place of business located at 11400 West Flagler Street #119, Miami, FL 33174.

5.      The Defendants' business activities involve those to which the FLSA applies.

6.      The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

7.      The Plaintiff's work for the Defendants was in and/or closely related to the movement of commerce while he worked for the Defendants.

8.      The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce.

9.      Defendant, LA BODEGA, at all times relevant to this action was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, at all relevant times to this action the annual gross sales volume of the Defendant exceeded $500,000.00 per year.

10.      The individual Defendant ACOSTA is a corporate officer and/or owner and/or manager of the Corporate Defendant, LA BODEGA.

11.     The individual Defendant ACOSTA ran and/or assisted in the running of day-to-day operations of Corporate Defendants at all relevant times alleged within this complaint.

12.     The individual Defendant ACOSTA was responsible for paying VALDESPINO'S wages for the relevant times alleged in this complaint.

13.     The individual Defendant ACOSTA was VALDESPINO'S employer as defined by 29 U.S.C. 203(d).

14.     Defendants violated the FLSA by failing to pay Plaintiff overtime compensation and minimum wages and for retaliating against Plaintiff for his complaints and objections to Defendants' unlawful acts.

15.     All of the relevant events alleged in this complaint occurred in Miami-Dade County.

## COMMON FACTUAL ALLEGATIONS

16.     From approximately February 8, 2016 through April 2, 2017, VALDESPINO worked for Defendant as a cook.

17.     During the span of Plaintiff's employment by Defendants, Plaintiff worked for the Defendant in excess of forty (40) hours within a work week.   Plaintiff should have been compensated at the rate of one and one-half times their regular rate for the hours worked in excess of forty (40) hours per week as required by the FLSA.

18.     Specifically, from on or about February 8, 2016 through April 2, 2017, 2016, Plaintiff worked on average 60 hours per week at a rate of $6.66 per hour.  However, Plaintiff was never paid the extra half-time rate for all hours worked over 40 as required by the FLSA. Therefore, Plaintiff is claiming the half-time overtime rate based on the applicable minimum wage for all hours worked over 40 during the relevant time period.

19.    Defendants permitted Plaintiff to work more than forty (40) hours per weeks without receiving proper minimum wages and overtime compensation for all of his hours worked.

20.    Defendants failed to appropriately track the hours worked by Plaintiff.  This practice resulted in inaccurate time keeping as Defendants failed to properly track and maintain records as to hours worked by the Plaintiff.

21.    Defendants knew, or should have known, that Plaintiff worked unpaid overtime hours and was being paid below the minimum wage rate.

22.    Defendant's conduct is willful and in bad faith and has caused significant damages to the Plaintiff.

<u>COUNT I</u>
<u>FAIR LABOR STANDARDS ACT OVERTIME VIOLATION</u>

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-22 above and further states:

23.    This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

24.    Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216 (b).

25.    29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty  at the rate of at least one and one half times the employee's regular rate. . . ."

26.    Specifically, from on or about February 8, 2016 through April 2, 2017, 2016, Plaintiff worked on average 60 hours per week at a rate of $6.66 per hour.  However, Plaintiff was never paid the extra half-time rate for all hours worked over 40 as required by the FLSA.

Therefore, Plaintiff is claiming the extra half-time rate based on the applicable minimum wage rate for all hours worked over 40 during the relevant time period.

27.     This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*  As a result, Plaintiff has suffered a loss of wages.

28.     Defendants willfully and intentionally refused to pay VALDESPINO's overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

29.     Defendants also failed to properly record Plaintiff's overtime hours.  By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants failed to make, keep, and preserve records with respect to its employee sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

WHEREFORE, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances.

<u>**COUNT II**</u>
<u>**FEDERAL MINIMUM WAGE VIOLATION**</u>

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-22 above and further states:

30.     29 U.S.C. § 206 (a) (1) (A) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than— $5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

31.     Between on or about February 8, 2016 through April 2, 2017, 2016, VALDESPINO worked an average of 60 hours a week for the Defendants. Plaintiff was paid $6.66/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.66/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $6.66/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

32.     The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

33.     Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

WHEREFORE, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire

employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiffs request a trial by jury.

## COUNT III
## RETALIATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-22 above and further states:

34.    The FLSA, specifically 29 U.S.C. §215(a)(3), makes it unlawful to discharge or otherwise retaliate against any employee who has complained about any violation of the FLSA, including any failure to properly pay overtime compensation and minimum wages.

35.    Plaintiff engaged in protected activity under the FLSA by complaining to Defendant ACOSTA of the fact that he was not being paid the proper minimum wages and overtime pay.

36.    ACOSTA told VALDESPINO to quit but he said he would not—the next day ACOSTA replaced VALDESPINO and fired him.

37.    Defendants    unlawfully retaliated against    Plaintiff    for    his complaints and objections to Defendants' failure to pay him minimum wages and overtime compensation.

38.    Defendants' conduct as alleged hereinabove constituted unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

39.    As a direct and proximate result of Defendants' unlawful retaliation and termination of Plaintiff, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including lost back pay and lost benefits, front pay, and compensatory

damages for, among other things, emotional distress, mental anguish, humiliation, and loss of dignity.

40.     Defendants' actions described herein were undertaken willfully, maliciously, and in reckless disregard for Plaintiff's rights under the law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for all compensatory and back pay/lost benefits damages allowed under the FLSA, front pay, liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury for all triable issues as of right.

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, FL  33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Email: amorgado@coronapa.com
Secondary Email:rcorona@coronapa.com


By: /s/ Allyson Morgado_____
       Ricardo Corona, Esq.,
       FBN 111333
       Allyson Morgado, Esq.
       FL Bar No.: 91506